FILED

2017 SEP 27 PM 5:07

US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.

CASE NO. 6:17-cr-228-ORL-37-TBS
18 U.S.C. § 1349
18 U.S.C. § 1028A

JONATHAN JETT
CASSANDRA PADGETT

**SUPERSEDING INDICTMENT**

The Grand Jury charges:

**COUNT ONE**

**A. Introduction**

At times material to this Indictment:

1. UnitedHealthcare ("UHC") was an operating division of UnitedHealth Group ("UHG"), which was a health care company headquartered in Minnesota. UHC served, among other things, the health benefit needs of individual consumers through Medicare and other benefit products, including the Medicare Advantage Plan. UHC conducted business in the Middle District of Florida and around the United States.

2. The Medicare Advantage Plan was a Medicare Part C product. Only certain licensed insurance agents were appointed by UHC to enroll new members in the Medicare Advantage Plan. UHC required new members of

the Medicare Advantage plan to sign enrollment forms and to submit such signed enrollment forms to UHC.

3. UHC paid commissions to its appointed insurance agents for each new member that the agents enrolled in the Medicare Advantage Plan. UHC paid these commissions by, among other methods, electronic funds transfers directly into the agents' bank accounts.

4. UHC required agents requesting commission payments via electronic funds transfer to send a voided check to UHC's payment processing center in Minneapolis, Minnesota, in order to provide UHC with the agents' bank account information for payment.

5. **CASSANDRA PADGETT**, and other co-conspirators working with **JONATHAN JETT**, opened bank accounts with TD Bank (the "TD Bank Accounts"), and Wells Fargo (the "Wells Fargo Account") which were used by **JONATHAN JETT, CASSANDRA PADGETT**, and other co-conspirators to, among other things, receive commissions from UHC.

6. Deltona was in the Middle District of Florida.

**B. Conspiracy**

7. Beginning at an unknown date, but not later than in or about June 2011, and continuing thereafter at least through in or about October 2012, in the Middle District of Florida, and elsewhere, the defendants,

**JONATHAN JETT**
and
**CASSANDRA PADGETT,**

did knowingly and willfully conspire with each other and others, both known and unknown to the Grand Jury, to commit wire fraud, by knowingly, willfully, and with intent to defraud, devising and intending to devise a scheme and artifice to defraud, and for obtaining money and property, by means of false and fraudulent pretenses, representations and promises that related to material facts, and, for the purpose of executing the aforesaid scheme and artifice, knowingly transmitting and causing to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, any writings, signs, signals, pictures, and sounds, in violation of 18 U.S.C. § 1343.

### C. Manner and Means

8. The manner and means used to accomplish the objects of the conspiracy included, among others, the following:

9. It was part of the conspiracy that **JONATHAN JETT** and **CASSANDRA PADGETT**, and other co-conspirators known and unknown to the Grand Jury, would and did cause false and fraudulent Medicare Advantage Plan enrollment forms to be submitted to UHC in interstate commerce, and would and did induce UHC into paying commissions in connection with the false and fraudulent enrollment forms, when, in truth and in fact, **JONATHAN JETT, CASSANDRA PADGETT**, and other co-conspirators were using the personal identifying information of elderly and deceased individuals, without their authorization, to create and submit such false and fraudulent enrollment forms.

10. It was further part of the conspiracy that the co-conspirators would and did place an advertisement on the Internet purportedly seeking Florida licensed insurance agents who were appointed to work with UHC.

11. It was further part of the conspiracy that co-conspirators would and did recruit other individuals to open bank accounts to be used to receive fraudulently obtained commissions from UHC.

12. It was further part of the conspiracy that **JONATHAN JETT** and **CASSANDRA PADGETT** would and did alter previous insurance enrollment forms of elderly and deceased individuals, without their permission, in order to create new false and fraudulent Medicare Advantage Plan enrollment forms.

13. It was further part of the conspiracy that **JONATHAN JETT** and **CASSANDRA PADGETT** would and did submit false and fraudulent Medicare Advantage Plan enrollment forms to UHC under the true names and personal identifying information of certain licensed insurance agents, who the co-conspirators knew were appointed by UHC to enroll new members. The licensed insurance agents did not authorize the co-conspirators to use their names and personal identifying information.

14. It was further part of the conspiracy that **JONATHAN JETT**, **CASSANDRA PADGETT**, and other co-conspirators would and did cause false and fraudulent Medicare Advantage Plan enrollment forms to be submitted: (1) via facsimile, from Deltona, Florida, to UHC's processing center in Minneapolis, Minnesota; and (2) via the internet, in order to obtain commission payments from UHC.

15. It was further part of the conspiracy that co-conspirators, including **CASSANDRA PADGETT**, would and did open bank accounts, including the Wells Fargo and TD Bank Accounts, and obtain starter checks from those accounts, in order to receive the UHC commission payments.

16. It was further part of the conspiracy that co-conspirators would and did alter the starter checks from the Wells Fargo and TD Bank Accounts by adding the true names of certain licensed insurance agents, so it would appear that the licensed insurance agents were the true owners of those accounts.

17. It was further part of the conspiracy that **JONATHAN JETT, CASSANDRA PADGETT,** and other co-conspirators would and did cause altered checks from the Wells Fargo and TD Bank Accounts to be submitted, via facsimile, from Deltona, Florida, to UHC's processing center in Minneapolis, Minnesota, and via the internet, so that UHC would electronically transfer the commissions on the purported new enrollments directly into those accounts.

18. It was further part of the conspiracy that **JONATHAN JETT, CASSANDRA PADGETT**, and other co-conspirators would and did cause UHC to electronically transfer commission payments to the Wells Fargo and TD Bank Accounts by means of false and fraudulent pretenses,

representations and promises that related to material facts, including, but not limited to, the following:

a. False representations that individuals were submitting their names and personal identifying information on enrollment forms to UHC for enrollment in the Medicare Advantage Plan, when, in truth and in fact, the defendants and their co-conspirators were using the names and personal identifying information without the individuals' authorization;

b. False representations that licensed insurance agents appointed by UHC were enrolling individuals in the Medicare Advantage Plan, when, in truth and in fact, the licensed agents appointed by UHC were not enrolling new members but, instead, the defendants and their co-conspirators were using the agents' personal identifying information, without the agents' authorization, to make it appear that the agents were legitimately enrolling new members;

c. False representations that the Wells Fargo and TD Bank Accounts belonged to licensed insurance agents appointed by UHC, when, in truth and in fact, the Wells Fargo and TD Bank Accounts belonged to co-conspirators as a means to carry out the scheme; and

d. False representations that licensed insurance agents appointed by UHC were owed commissions by UHC based on new legitimate Medicare Advantage Plan enrollments, when, in truth and in fact, the enrollments were fraudulent.

19. It was further part of the conspiracy that **JONATHAN JETT, CASSANDRA PADGETT**, and other co-conspirators would and did obtain money, and attempt to obtain money, from UHC through the submission of false and fraudulent Medicare Advantage Plan enrollment forms and altered checks.

20. It was further part of the conspiracy that **JONATHAN JETT, CASSANDRA PADGETT**, and other co-conspirators would and did split the fraudulently obtained commission payments that were deposited by UHC into the Wells Fargo and TD Bank Accounts.

21. It was further part of the conspiracy that **JONATHAN JETT, CASSANDRA PADGETT**, and other co-conspirators would and did perform acts and make statements to hide and conceal, and cause to be hidden and concealed, the purpose of the scheme to defraud and the acts committed in furtherance thereof.

All in violation of 18 U.S.C. § 1349.

## COUNT TWO

On or about October 8, 2012, in the Middle District of Florida, and elsewhere, the defendant,

**JONATHAN JETT**
and
**CASSANDRA PADGETT,**

did knowingly transfer, possess, and use, without lawful authority, a means of identification of another person, specifically, the name of J.M., during and in relation to a felony violation of conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349, as charged in Count One of this Superseding Indictment, knowing that such means of identification belonged to an actual person.

In violation of 18 U.S.C. § 1028A(a)(1).

## FORFEITURE

1. The allegations contained in Count One are incorporated by reference for the purpose of alleging forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

2. Upon conviction of a violation of 18 U.S.C. § 1349, the defendants shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the violation.

3. The property to be forfeited includes, but is not limited to, the following: $120,983.50 forfeiture money judgment, which represents the proceeds of the offense.

4. If any of the property described above, as a result of any act or omission of the defendants:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the Court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty;

the United States shall be entitled to forfeiture of substitute property under the provisions of 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

A TRUE BILL,

____________________________
Foreperson

W. STEPHEN MULDROW
Acting United States Attorney

By: ____________________________
Kara M. Wick
Assistant United States Attorney

By: ____________________________
Katherine M. Ho
Assistant United States Attorney
Chief, Orlando Division

FORM OBD-34
September 17

No.

**UNITED STATES DISTRICT COURT**
Middle District of Florida
Orlando Division

THE UNITED STATES OF AMERICA

vs.

JONATHAN JETT
CASSANDRA PADGETT

**SUPERSEDING INDICTMENT**

Violations: 18 U.S.C. § 1349 and 1028A

A true bill,

_______________________________
Foreperson

Filed in open court this 27th day of September, 2017.

_______________________________
Clerk

Bail $_______________________